# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

TIMOTHY J. GODDARD,

Plaintiff,

v.

CSK AUTO, INC.,

Defendant.

Case No. C09-1391 MJP

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter comes before the Court on Plaintiff's motion to remand. (Dkt. No. 18.) The Court has reviewed the motion, Defendant's response (Dkt. No. 23), Plaintiff's reply (Dkt. No. 26), and all other pertinent documents on the record. For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand.

**Background**

On August 25, 2009, Plaintiff Timothy Goddard filed a complaint in the Superior Court of King County, alleging Defendants failed to pay certain required wages. (Dkt. No. 1, Ex. A.) Plaintiff alleges causes of action for (1) violation of RCW 49.48 (id. ¶¶ 4.1-4.3); (2) breach of contract (id. ¶¶ 5.1-5.4); (3) willful withholding of wages in violation of RCW 49.52 (id. ¶¶ 6.1- 6.4); and (4) unjust enrichment (id. ¶¶ 7.1- 7.4). The Complaint requests damages in the form of unpaid wages, double damages under RCW 49.52.070, and statutorily permitted attorneys' fees, but does not specify the total value of those damages. (Id.)

ORDER - 1

After receiving service on September 11, 2009, Defendant CSK Auto, Inc. ("CSK") filed a notice of removal on October 1, 2009. Defendant's notice of removal offers the following analysis of the amount in controversy:

> Plaintiff asserts a claim against CSK Auto in an amount 'estimated to exceed $20,000', and has additionally requested double damages and attorney's fees pursuant to RCW 49.48.030 and RCW 49.52.70, as well as prejudgment interest. In fact, the base amount at issue is $28,361.38. Twice that amount is $56,722.76, and Plaintiff seeks interest and statutorily mandated attorney's fees on top of that amount in amounts that likely exceed $18,277.24. The total amount of Plaintiff's asserted claims, therefore, exceeds $75,000.00.

(Dkt. No. 1 ¶ 5.)

## Discussion

Under 28 U.S.C. § 1332, federal district courts have subject matter jurisdiction over civil actions between diverse litigants where "the matter in controversy exceeds the sum or value of $75,000." The burden of proving the amount in controversy depends on what the plaintiff has pleaded. First, if a plaintiff does not plead a specific amount of damages, a removing defendant must "prove by a preponderance of the evidence" that the jurisdictional minimum amount in controversy has been met. Lowdermilk v. U.S. Bank. Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007) (quoting Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 683 (9th Cir. 2006)). Second, if a plaintiff pleads an amount in excess of the minimum, the amount in controversy "presumptively satisfied unless it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional minimum." Id. (internal citations and quotations omitted). Third, if the plaintiff alleges an amount below the jurisdictional minimum, a removing defendant must overcome the presumption against federal jurisdiction and demonstrate the amount in controversy to a "legal certainty." Id. at 999 (applying CAFA's amount in controversy measure); see also 15 Moore's Federal Practice § 102.107 (3d ed. 2009) (observing that the Ninth Circuit has not yet determined the reach of the third Lowdermilk scenario to non-CAFA cases) (citing Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 n.3 (9th Cir. 2007)). There is a "strong presumption against removal

ORDER - 2

jurisdiction" and the court must reject jurisdiction if there are doubts as to the right of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

Even though the diversity statute provides that calculations are made without regard to interest or costs, when the underlying substantive law provides for the award of attorney's fees, a party may include that amount in their calculation of the amount in controversy. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Thus, courts have taken into account reasonable estimates of attorney's fees when analyzing disputes over the amount in controversy. See Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002).

Though both parties appear to accept that the "preponderance of the evidence" inquiry governs (Dkt. No. 18 at 3; Dkt. No. 23 at 3; Dkt. No. 26 at 2), Plaintiff's briefing interweaves analysis under the "legal certainty" standard. (Dkt. No. 26 at 2, 6.) Because the Complaint does not plead a specific amount of damages, the Court applies the "preponderance of the evidence" standard to determine whether the jurisdictional minimum is in controversy. See Lowdermilk, 479 F.3d at 998.

There does not appear to be any dispute that the net amount of wages at issue is $20,714.70. (See Dkt. No. 23 at 2.) The governing statute, RCW 49.52.070, doubles the "amount of wages unlawfully rebated or withheld" which yields a total of $41,429.40. (Id.) A related provision, RCW 49.48.030, provides that the prevailing party shall be entitled to reasonable attorney's fees. The Defendant thus bears the burden of demonstrating by a preponderance of the evidence that Plaintiff's claim for attorney's fees will exceed $33,570.60. To this end, Defendant submits a declaration from Kelby Fletcher, who estimates the number of hours Plaintiff's counsel will spend prosecuting the case. (Fletcher Decl. ¶ 4.) Fletcher goes on to estimate the attorney's fees in the matter will likely range between $50,000 and $82,500. (Id. ¶¶ 5-6.)

In response, Plaintiff's counsel submits a declaration comparing recent awards of attorney's fees in similar cases that fall well below Defendant's estimates. (Jorgensen Decl. ¶ 5.) Further, Plaintiff argues that an award of attorney's fees that is far greater than the amount of wages at issue would not be reasonable. (Dkt. No. 26 at 5.) Plaintiff submits that Defendant's estimates of deposition time and trial time are unreasonably high given the uncomplicated nature of the wage claims. (Jorgensen Decl. ¶ 7.) In particular, counsel suggests this wage dispute is more straight-forward that previous claims she has litigated because Plaintiff's pay rate is not an issue. (Id. ¶ 6.) The Court is persuaded that Plaintiff's counsel's own estimation of the work involved in litigating this dispute is at least as reasonable as the one prepared by Defendant. As such, Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. This Court lacks jurisdiction over this dispute and Plaintiff is entitled to remand.

**Conclusion**

Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum required by 28 U.S.C. § 1332. The Court GRANTS Plaintiff's motion to remand. (Dkt. No. 18.) Defendant has also filed a motion for expedited discovery (Dkt. No. 17); however, the Court may not rule on that motion in the absence of subject matter jurisdiction. The Court thus finds as MOOT Defendant's motion for expedited discovery. (Dkt. No. 17.)

The Clerk is directed to transmit a copy of this Order to all counsel of record.

DATED this 18th day of November, 2009.

Marsha J. Pechman
United States District Judge